United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE RAMIREZ, | No. C 08-4456 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DOUGLAS TSUCHIYA, | |
| Defendant. | |

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff seeks to sue the appointed attorney who represented him in a proceeding for termination of parental rights. He alleges that he told the attorney that he wanted to appeal. Defendant told plaintiff that he would file an appeal, but never did so.

Appointed defense attorneys do not act under color of state law in representing their clients, and thus cannot be sued under Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981); *Briley v. State of California*, 564 F.2d 849, 855 (9th Cir. 1977) (neither appointed nor retained defense attorneys act under color of state law). This is because although such attorneys are paid by the government, they owe a duty of professional loyalty to their clients, which means that they do not act as agents of the government. *Polk* County, 454 U.S. at 323-25. This analysis applies equally to an attorney appointed to represent a parent in termination proceedings. *See Kirtley v. Rainey*, 326 F.3d 1088, 1093-94 (9th Cir. 2003) (child's appointed guardian's duty to the child means he or she does not act under color of state law, by analogy to *Polk County*); *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986) (court-appointed attorney for child in delinquency proceeding does not act under color of state law, by analogy to *Polk County*).

Because there is no way the complaint can be amended to allow him to sue this defendant on this claim, the complaint will be dismissed without leave to amend.

**CONCLUSION**

The complaint is **DISMISSED** with prejudice. Plaintiff may disregard the clerk's notice regarding his in forma pauperis application. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September  26 , 2008.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\RAMIREZ4456.DSM.wpd

3